FILED
2017 Jul-24 PM 07:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**BLACK WARRIOR RIVERKEEPER, INC., and FRIENDS OF LOCUST FORK RIVER, INC.,**

**Plaintiffs,**

**vs.** **CASE NO.: 2:17-cv-01050-LSC**

**METRO RECYCLING, INC.,**

**Defendant.**

**BRIEF IN SUPPORT OF METRO RECYCLING'S MOTION TO DISMISS**

COMES NOW Defendant, **METRO RECYCLING, INC.**, and submits this brief in support of Defendant's Motion to Dismiss filed herewith.

## I. Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether Plaintiffs' Complaint states a claim upon which relief can be granted, the Court should accept all of Plaintiffs' factual allegations as true. Id. at 678. The Court, however, is not required to accept legal conclusions and conclusory statements as true. See *lqbal*, 129 S. Ct. at

1949-51 (discussing *Twombly*, 550 U.S. 544, 127 S Ct. 1955, 167 L. Ed. 2d 929.) Nor should the Court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Additionally, the Court should dismiss a claim "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

As noted by this Court in *Grayson v. Ala. & Gulf Coast Ry., LLC*, 2016 U.S. Dist. LEXIS 12054, 82 ERC (BNA) 1329, 2016 WL 397461 (N.D. Ala. Feb. 2, 2016):

> In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Nonetheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." Twombly, 550 U.S. at 556. Generally, this Court considers only "the face of the complaint and attachments thereto" in order to determine [*6] whether Plaintiff states a claim for relief. Starship Enters. of Atlanta, Inc. v. Coweta Cnty., 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Generally, the complaint should include "enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" Am. Fed'n of Labor & Cong. of Indus. Orgs v. City of Miami, Fla., 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001)).

## II. Failure to Give Notice as Required by 33 U.S.C. 1365(b)(1)(A)

The Complaint identifies only a discharge on January 28, 2016 as the basis for this Court's jurisdiction. However, the March 23, 2017 letter attached as evidence that Plaintiff gave the mandatory Notice of Intent Sue makes no mention of a January 28, 2016 discharge. Thus, a condition precedent to Plaintiff bringing the case has not occurred and dismissal is required.

As noted by the Court in *Franklin v. Birmingham Hide & Tallow Co.*, 1999 U.S. Dist. LEXIS 22489, 1999 WL 35235824 (N.D. Ala. Apr. 21, 1999):

> The 60-day notice requirement of § 33 U.S.C. 1365(b) is a mandatory condition precedent to the filing of a citizen suit under the CWA. National Environmental Foundation v. ABC Rail Corp., 926 F.2d 1096, 1097 (11th Cir. 1991). If a plaintiff fails to comply with this notice requirement where it is applicable, the district court is required to dismiss the action. Id. at 1097-98. EPA regulations give further guidance on the contents of the notice, at 40 CFR § 135.3: (a) Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to constitute a violation, the person or persons responsible for the alleged violation, **the date or dates of such violation**, and the full name, address, and telephone number of the person giving [*34] notice.

More recently, in *Grayson v. Ala. & Gulf Coast Ry., LLC*, 2016 U.S. Dist. LEXIS 12054, 82 ERC (BNA) 1329, 2016 WL 397461 (N.D. Ala. Feb. 2, 2016) this

Court dismissed a Citizens Suit for failure to comply with the notice requirements explaining the legal principles as follows:

> A citizen may not commence an action under the CWA unless he has given sixty days' notice of the alleged violation to, among others, "any alleged violator." 33 U.S.C. § 1365(b)(1). This notice must "include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, **the date or dates of such violation**, and the full name, address, and telephone number of the person giving notice." 40 C.F.R. 135.3(a). "The notice requirements are strictly construed to give the alleged violator the opportunity to correct the problem before a lawsuit is filed." National Parks & Conservation Ass'n, Inc. v. Tennessee Valley Authority, 502 F.3d 1316, 1329 (11th Cir. 2007). Compliance with this notice provision "is a mandatory condition precedent to the filing of a citizen suit under the [CWA]," and "[i]f a plaintiff fails to comply with this notice requirement . . . the district court is required to dismiss the action." National Environmental Foundation v. ABC Rail Corp., 926 F.2d 1096, 1097-98 (11th Cir. 1991).

Since the jurisdiction of the Court is predicated as the Citizen's Suit provisions of the Clean Water Act and Plaintiffs have failed to comply with the mandatory conditions precedent to bringing suit, Plaintiffs have failed to state a claim upon which relief can be granted.

## III. Lack of Standing

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992), the Supreme Court set forth the test for Article III standing. First, the plaintiff must have suffered an "injury in fact," or "an invasion of a legally protected interest which is … concrete and particularized." Id. at 560. Second, the injury must be fairly "traceable" to the challenged action of the defendant. Id. Third, the plaintiff must establish that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 561 (quotations omitted). Additionally, for an organization like Blackwarrior Riverkeeper to have standing to sue, it must demonstrate that: (1) its members would otherwise have standing to sue in their own right; (2) the interests at stake are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000).

### A. Whites Creek is Not a Navigable Waterway

Section 301 of the CWA prohibits "the discharge of any pollutant" into "the navigable waters of the United States" except in accordance with permits issued under, inter alia, § 404 of the CWA. 33 U.S.C. § 1311(a). To establish a prima facie case of a violation Plaintiffs must prove that defendants are (1) persons who (2) discharged a

pollutant (3) from a point source (4) into waters of the United States (5) without a permit issued under CWA section 404. See 33 U.S.C. §§ 1311(a), 1344 and 1362 (definitions).

The term "waters of the United States" means "[a]ll waters which are currently used, or were used in the past, or may be susceptible to use in interstate or foreign commerce" and "wetlands adjacent to [these] waters." See 33 C.F.R. 328.3(a).

There are insufficient facts alleged to support a finding that the point of discharge into Whites Creek is a navigable waterway as that term is currently defined for purposes of enforcement of the CWA.

### B. Plaintiff's Use of Whites Creek

Likewise, there are insufficient facts alleged to support a claim Plaintiffs use of Whites Creek or that there is sufficient nexus between Whites Creek and any navigable waterway that Plaintiffs may use to survive evaluation under Rule 12. Plaintiffs simply make conclusory allegations.

### C. No Evidence to Support Reasonable Likelihood of Repeated Violations

Though the CWA authorizes citizen suits for injunctive relief and/or civil penalties, it also prohibits any such action that is based on allegations of a wholly past violation. The Supreme Court has held that a citizen suit can only be based on "a state of either continuous or intermittent violation – that is, a reasonable likelihood that a

past polluter will continue to pollute in the future." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 57 (1987) (emphasis added). In light of the closure of the landfill and the evidence available for the Court to take notice of the ADEM website, there are insufficient facts alleged to suspect the allegation there have been or will be other violations.

## D. No Basis for Alleging Lack of Diligence by ADEM

In *Coosa Riverkeeper, Inc. v. Oxford Water Works & Sewer Bd.*, 2017 U.S. Dist. LEXIS 92938 (N.D. Ala. June 16, 2017) the Court discussed the diligent prosecution issue as follows:

> **A. Diligent Prosecution**
>
> Oxford argues that Riverkeeper's claims are barred by the State of Alabama's diligent prosecution of it **[*15]** (Oxford) in state court. *See* 33 U.S.C. § 1365(b)(1)(B). As noted above, section 1365(b) provides, in relevant part, that "(b) no [citizen suit under § 1365(a)(1)] may be commenced .... (B) if [a state or federal authority] has commenced and is diligently prosecuting a civil or criminal action in a court ... *to require compliance with the standard, limitation, or order*." *Id.* (emphasis added). While not jurisdictional, the diligent prosecution bar is a "mandatory, not optional, condition precedent for suit." *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 26, 110 S. Ct. 304, 107 L. Ed. 2d 237 (1989).
>
> The plaintiff in a citizens suit bears the burden of proving the state agency's prosecution was not diligent. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 890 F. Supp. 470, 486-87 (D.S.C. 1995). The burden is heavy, because the enforcement agency's diligence is presumed. *Id.* at 487.

"[T]he state [enforcement] agency must be given great deference to proceed in a manner it considers in the best interests of all parties involved." *Arkansas Wildlife v. ICI Americas, Inc.*, 842 F. Supp. 1140, 1147 (E.D. Ark. 1993), *aff'd*, 29 F.3d 376 (8th Cir. 1994), *cert. denied*, 513 U.S. 1147, 115 S. Ct. 1094, 130 L. Ed. 2d 1062 (1995). The CWA's thrust is to "provide *society* with a remedy against polluters in the interest of protecting the environment." *Connecticut Coastal [Fisherman's Ass'n v. Remington Arms Co., Inc.*], 777 F. Supp. [173,] 184 [(D. Conn. 1991)] (emphasis in original).

*Williams Pipe Line Co. v. Bayer Corp.*, 964 F. Supp. 1300, 1324 (S.D. Iowa 1997); *see also Karr v. Hefner*, 475 F.3d 1192, 1198 (10th Cir. 2007) (stating that "[c]itizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently").

A two-prong test exists to determine whether a state agency is "diligently prosecuting" **[*16]** an action. *Ohio Valley Envrtl. Coal., Inc. v. Maple Coal Co.*, 808 F. Supp. 2d 868, 883 (S.D.W. Va. 2011); *Conn. Fund for Env't v. Contract Plating Co.*, 631 F. Supp. 1291, 1293 (D. Conn. 1986). First, the court must determine whether the agency aims to ensure compliance with the same standard, order, or limitation as the citizen suit. Citizens suits are barred only if they aim to ensure compliance with the same standard, limitation, or order of the CWA for which the State has brought a civil enforcement action. *Conn. Fund for Env't*, 631 F. Supp. at 1293; *Cal. Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 728 F.3d 868, 874 (9th Cir. 2013); *see also Frilling v. Village of Anna*, 924 F. Supp. 821 (S.D. Ohio 1996) (noting that the State must aim to require compliance with the same standards regarding each claim of the plaintiff); *but see Karr*, 475 F.3d 1192 (holding that the EPA had addressed each of the three types of alleged CWA violations and in some respects accomplished more than the plaintiffs sought). It is insufficient that a State seeks to require compliance with a similar State or Federal

statute; the issue is whether the state action "is capable of requiring compliance with the [CWA] and is in good faith calculated to do so." *See Cal. Sportfishing*, 728 F.3d at 875. Additionally, the diligent prosecution bar does not apply "if the agency suit and citizen suit seek to enforce different standards and limitations of the same NPDES permit." *Yadkin Riverkeeper, Inc. v. Duke Energy Carolinas, LLC*, 141 F. Supp. 3d 428, 440 (M.D.N.C. 2015). The court also stated:

The comparison need not reveal identical claims for the actions to cover the same standards and limitations. Citizen suits seeking **[*17]** to enforce the same standards and limitations as an agency suit have been barred even when they alleged violations occurring at more locations and at different times than those alleged in the agency suit.

*Id.* In making that decision, "the court may rely primarily on a comparison of the pleadings filed in the two actions." *Id.* (quoting *Conn. Fund*, 631 F. Supp. at 1293).

Second, if the answer to the first prong is in the affirmative, the court must determine whether the prior pending action was being "diligently prosecuted" by the state at the time that the citizens' suit was filed. *Conn. Fund*, 631 F. Supp. at 1293; *Yadkin*, 141 F. Supp. 3d at 441.

"A CWA enforcement prosecution will ordinarily be considered 'diligent' if the judicial action 'is capable of requiring compliance with the Act and is in good faith calculated to do so.'" *Piney Run*, 523 F.3d at 459 (quoting *Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.*, 382 F.3d 743, 760 (7th Cir. 2004)). "[D]iligence is presumed." *Id.* To overcome this presumption, the citizen-plaintiff can demonstrate "a pattern of conduct in [the state's] prosecution of the defendant that could be considered dilatory, collusive or otherwise in bad faith." *Connecticut Fund*, 631 F. Supp. at 1293. It is insufficient to merely show "that the agency's prosecution strategy is less aggressive than [the citizen-plaintiff] would

> like," *Piney Run*, 523 F.3d at 459, as the diligent prosecution bar "does not require government prosecution to **[*18]** be far-reaching or zealous," *id.* (quoting *Karr*, 475 F.3d at 1197). The standard for citizen-plaintiffs to overcome the presumption of diligence is high. *Id.* (quoting *Karr*, 475 F.3d at 1198). The deference courts owe to the agency prosecution, however, is not unlimited. *Ohio Valley Envtl. Coal., Inc. v. Maple Coal Co.*, 808 F. Supp.2d 868, 884 (S.D.W.Va. 2011). "[A] diligent prosecution analysis requires more than mere acceptance at face value of the potentially self-serving statements of a state agency and the violator." *Id.* (alteration in original) (quoting *Friends of Milwaukee's Rivers*, 382 F.3d at 760). It requires that the agency "try, diligently," to achieve compliance. *Id.* (quoting *Friends of Milwaukee's Rivers*, 382 F.3d at 759).
>
> *Id.*, 141 F. Supp. 3d at 441.

## IV. Mootness Doctrine

Like the requirement of standing, mootness is a justiciability doctrine that must be satisfied before the Court may decide a case. *Granite State Outdoor Adver., Inc. v. Clearwater*, 351 F.3d 1112, 1119 (11th Cir. 2003). "The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy. A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (per curiam). Or, put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that

occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. Because mootness is jurisdictional, dismissal is mandated. Id. "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Id.

This Court applied the mootness doctrine in *Alexander v. Holder*, 2016 U.S. Dist. LEXIS 10683, 2016 WL 367912 (N.D. Ala. Jan. 29, 2016) stating:

> Article III of the Constitution limits the [*2] jurisdiction of federal courts to the consideration of "cases or controversies." U.S. CONST. art. III, § 2. The doctrine of mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief."
>
> ***
>
> There are two exceptions to the mootness doctrine: (1) collateral consequences and (2) "capable of repetition yet evading review." Carafas v. LaVallee, 391 U.S. 234, 237, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982).

There is an absence of specific factual allegations to support a finding any meaningful relief can be provided or that either exception applies. To the contrary, ADEM has accepted the closure certification.

## V. Preemption Due to Incorporation of ADEM Consent Order into Consent Decree

The ADEM Consent Order was made a term of the Consent Decrees entered in the prior litigation cited by Plaintiff. The Act contemplates a certain preemption in favor of administrative agencies. 42 U.S.C. § 7604(b)(1)(B) provides that no citizen suit "may be commenced if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance."

Where a government agency is prosecuting an alleged violation of the CWA "diligence is presumed." See *Piney Run II*, 523 F.3d 453, 459 (4th Cir. 2008); *Cmty. of Cambridge Envtl. Health & Dev. Grp. v. City of Cambridge*, 115 F. Supp. 2d 550, 554 (D. Md. 2000) ("Most courts considering the diligence of a state or federal prosecution have exhibited substantial deference for the agency's process."); see also Karr v. Hefner, 475 F.3d 1192, 1198 (10th Cir. 2007) ("Citizen-plaintiffs must meet a high standard to demonstrate that [a government agency] has failed to prosecute a violation diligently."). The Fourth Circuit has held that a prosecution is "diligent" where the action "is capable of requiring compliance with the Act and is in good faith calculated to do so." Piney Run II, 523 F.3d at 459. Additionally, the CWA citizen suit provision "'does not require government prosecution to be far-reaching or zealous. It requires

only diligence.' Thus, a citizen-plaintiff cannot overcome the presumption of diligence merely by showing that the agency's prosecution strategy is less aggressive than he would like or that it did not produce a completely satisfactory result." Id. (citing Karr, 475 F.3d at 1197). Regarding consent decrees and their implementation, administrative decisions are given deference because a court "must be particularly deferential to the agency's expertise" and should not interpret the scope of the "diligent prosecution" bar "in a manner that would undermine the [government agency's] ability to reach voluntary settlements with defendants." Id. (internal quotation omitted). Courts have found that consent decrees and their enforcement amount to diligent prosecution. See, e.g., id. at 460; *Cmty. of Cambridge*, 115 F. Supp. 2d at 556.

In *Black Warrior Riverkeeper, Inc. v. Southeastern Cheese Corp.*, 2017 U.S. Dist. LEXIS 9533, 83 ERC (BNA) 2080, 2017 WL 359194 (S.D. Ala. Jan. 24, 2017) the Court discussed the applicable law in the context of violations that allegedly occurred where a Consent Decree was in place and concluded that "It is not the Court's job to determine whether ADEM could do more. Riverkeeper cannot overcome the presumption of diligence merely by showing that ADEM's strategy is less aggressive than it would like or that ADEM is not requiring the same modifications that it desires."

## VI. Judicial Estoppel Due to Incorporation of ADEM Consent Order Into Consent Decrees

Defendant submits that Plaintiffs cannot incorporate ADEM's Consent Order and acknowledge its enforcement authority through it and give it due deference and then claim a right to bring a separate lawsuit arising from complaints it may have about its enforcement. Such action is barred by the doctrine of judicial estoppel.

The doctrine of judicial estoppel is a "principle of fairness" employed to safeguard the integrity of the judicial process. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4477 (1981 & Supp. 1990) (hereinafter C. Wright); *Reynolds v. Comm'r of I.R.S.*, 861 F.2d 469, 472 (6th Cir. 1988); *Konstantinidis v. Chen*, 200 U.S. App. D.C. 69, 626 F.2d 933, 937 (D.C. Cir. 1980). The requirements of the doctrine are "rather vague"; the primary concern of courts applying it is to avoid "unfairness and unseemliness." *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212 (1st Cir. 1987) (quoting 1A J. Moore, J. Lucas & T. Currier, Moore's Federal Practice para..405[8] (2d [**20] ed. 1984)); C. Wright, supra, at 780. The basis of the doctrine is that, absent a good explanation, "a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." C. Wright, supra, at 782 (interpreting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953).

Judicial estoppel is directed toward those who would "play 'fast and loose' with the courts," *Scarano*, 203 F.2d at 513, who blow "hot and cold as the occasion demands," *Allen v. Zurich Insurance Co.*, 667 F.2d 1162, 1167 n.3 (4th Cir. 1982), who use "intentional self-contradiction . . . .as a means of obtaining an unfair advantage," *Scarano*, 203 F.2d at 513, and who engage in "cold manipulation" of the judicial system. *Konstantinidis*, 626 F.2d at 939; accord *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1261 (11th Cir. 1988). Courts do not employ the doctrine if no tribunal has been led astray:

> The doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.

*Reynolds*, 861 F.2d at 472 (emphasis added); *Konstantinidis*, 626 F.2d at 939 ("success in the prior proceeding is clearly an essential element of judicial estoppel").

## VII. <u>Res Judicata</u>

Although Plaintiff's complaint invokes the jurisdiction of the Court on a single alleged January 28, 2016 pollutant release, numerous paragraphs of the Complaint are devoted to discussion of the prior litigation that was concluded. Consequently, this Court is in a position to take notice from the allegations themselves and from the Court's prior Orders that the defense of res judicata bars any relief under Section 33

U.S.C. 1365 of the FWPCA

The Honorable Sharon Blackburn stated the law applicable to Defendant's res judicata argument in *Bruner v. ARP Prod. Co., L.L.C.*, 2014 U.S. Dist. LEXIS 110438, 2014 WL 3970204 (N.D. Ala. Aug. 11, 2014):

> Res judicata, a doctrine under which ARP seeks dismissal, "is not a defense under 12(b); it is an affirmative defense that should be raised under Rule 8(c)." Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982)(citations omitted). "Generally, the existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a [pleading] may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the [pleading]." Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984) (citations omitted), vacated on petition for reh'g, reinstated by 764 F.2d 1400 (11th Cir. 1985). If a district court considers matters outside the pleadings, the court must convert the 12(b)(6) motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). However, a district court may take judicial notice of public records, such as filings in other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary judgment. Lozman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)("Although this [res judicata defense] is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action."); Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. 2010)(per curiam) (finding that the district court properly took judicial notice of documents from a prior lawsuit "which were public records that were 'not subject to reasonable dispute'" (quoting Fed. R. Evid. 201(b))); Universal Express, Inc. v. U.S. S.E.C., 177 Fed.

> Appx. 52, 54 (11th Cir. 2006)(per curiam)(finding that the district court's consideration of a complaint filed in a separate case did not require converting the motion to dismiss into a motion for summary judgment).

A comparison of the Consent Orders and other pleadings in the prior proceeding clearly demonstrate that this lawsuit is an improper attempt to revive and relitigate a closed matter. If Plaintiff desires to seek redress for a perceived failure to comply with a prior Order, the proper method is not a new lawsuit seeking jurisdiction under the Clean Water Act.

Respectfully submitted,

/s/J. Allen Sydnor, Jr.
J. Allen Sydnor, Jr.
Attorney for Defendant,
Metro Recycling, Inc.

OF COUNSEL:

HUIE, FERNAMBUCQ & STEWART, LLP
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Fax: (205) 251-1256
Phone: (205) 251-1193
E-Mail: asydnor@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eva L. Dillard, Esquire
E-mail: edillard@blackwarriorriver.org

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM-ECF participants:

None.

s/J. Allen Sydnor, Jr.
OF COUNSEL