# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BLACK WARRIOR RIVERKEEPER, INC., and FRIENDS OF LOCUST FORK RIVER, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> METRO RECYCLING, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) CASE NO.: 2:17-cv-01050-LSC ) ) ) ) ) |

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF
## MOTION TO TAKE JUDICIAL NOTICE OF ADEM RECORDS

Federal Rule of Evidence 201 provides that the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Courts have wide discretion to take judicial notice of "appropriate judicative facts" at any stage in a proceeding, including the summary judgment stage. *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014)

In *Birmingham Plumbers v. Iron Mountain Construction, Inc.*, 2016 WL 4137972, fn 2 USDC (N.D. Ala. August 4, 2016) the Court noted it may pursuant to

Fed. R. Evid. 201(b)(2) take judicial notice of the Alabama Secretary of State's repository of records available through its "Business Entity Details" portal on its website. See also, *Chappell v. Chase Bank/Home Finance, LLC*, 2012 U.S. Dist. LEXIS 89062, \*5 n. 5 (M.D. Ala. 2012); *Campbell v. Air Jamaica Ltd.*, 2008 U.S. Dist. LEXIS 50657, \*3 (S.D. Fla. 2008). Here, Defendant is asking the Court to take judicial notice of records maintained on ADEM's e-filing portal that was referenced in Paragraph 24 of Plaintiff's Complaint. These records fall into the same category as records maintained by the Alabama Secretary of State.

As discussed in *Bruner v. ARP Prod. Co., L.L.C.,* 2014 U.S. Dist. LEXIS 110438, 2014 WL 3970204 (N.D. Ala. Aug. 11, 2014) the consideration of public records does not require conversion of a Rule 12(b)(6) motion into a Motion for Summary Judgment:

> However, a district court may take judicial notice of public records, such as filings in other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary judgment. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)("Although this [res judicata defense] is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action."); *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010)(per curiam) (finding that the district court properly took judicial notice of documents from a prior lawsuit "which were public records that were 'not subject to reasonable dispute'" (quoting Fed. R. Evid. 201(b)));2Link to the text of the note *Universal Express,*

*Inc.* v. U.S. S.E.C., 177 Fed. Appx. 52, 54 (11th Cir. 2006)(per curiam)(finding that the district court's consideration of a complaint filed in a separate case did not require converting the motion to dismiss into a motion for summary judgment).

                                  Respectfully submitted,

                                  */s/J. Allen Sydnor, Jr.*
                                  J. Allen Sydnor, Jr.
                                  Attorney for Defendant,
                                  Metro Recycling, Inc.

OF COUNSEL:

HUIE, FERNAMBUCQ & STEWART, LLP
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Fax: (205) 251-1256
Phone: (205) 251-1193
E-Mail: asydnor@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eva L. Dillard, Esquire
E-mail: edillard@blackwarriorriver.org


and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM-ECF participants:

None.


                                                *s/J. Allen Sydnor, Jr.*
                                                OF COUNSEL